IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY CLARK (01),<br>SYLVESTER CALVERT, JR. (02),<br>MICHAEL CALVERT (03),<br>JAMES TOLIVER (04),<br>BLAKE WOODYARD (05),<br>KIMBERLY OBRECHT (06),<br>ROBERT HOUSTON, SR. (07),<br>PRIANNA BAGGETT (08),<br>JEREMY RICHMOND (09),<br><br>    Defendants. | Case No. 5:19-CR-40068-HLT |

**PROTECTIVE ORDER**

The government brought a motion to designate this case complex, continue the jury trial, set a litigation schedule, and modify the pretrial order. Doc. 4. In the section requesting modification of the pretrial order, the government requested a protective order under Fed. R. Crim. P. 16(d) and subsequently submitted an ex parte written statement of the facts to be viewed in camera ("written statement"). The Court resolved most of the motion at the September 19, 2019 status conference but deferred ruling on the government's request for a protective order. *See* Doc. 73.

The Court has now reviewed the materials related to the government's request for a protective order including the record, the applicable law, and the government's written statement. The Court finds that the government properly submitted its written statement under Fed. R. Crim. P. 16(d)(1). This written statement identified five categories of materials for which it seeks relief and identifies these materials as "Item 1" through "Item 5." The Court addresses each item in turn.

Item 1 refers to materials concerning an ongoing investigation. The government seeks to redact certain reports and to further defer those reports to specified counsel. The Court finds the government's request at to Item 1 is reasonable under the circumstances and grants it with one additional restriction – namely, an attorney for the government shall provide the Court with a status update concerning these materials every sixty (60) days so that the Court can determine whether deferral of these materials remains necessary.

Item 2 refers to materials related to internal agency processes and cataloguing. The government seeks to redact this information. The Court finds the government's request is reasonable under the circumstances and grants it.

Items 3 and 4 refer to materials related to personally identifying information. Specifically, Item 3 refers to materials, including law enforcement reports, that disclose the identities of persons who either cooperated with law enforcement or who could be called as witnesses for the government. Item 4 refers to materials related to sensitive personal identifying information ("PII") including: (1) names, addresses, social security numbers, and other personal identifying information; (2) criminal history reports; (3) protected medical records, including care and treatment records, hospitalization records, autopsy records, and other records that are medically sensitive; (4) financial information, including wire transfers, credit reports, balance statements, and financial card numbers; and (5) records of law enforcement databases, themselves including PII and other sensitive information. The government seeks to disclose these materials in an unredacted form but with copying and dissemination limitations. The Court finds the government's request is reasonable under the circumstances and grants it.

Finally, Item 5 involves investigative materials regarding an ongoing criminal investigation. The government seeks to defer discovery of these materials. The Court finds the government's request is reasonable under the circumstances and grants it.

THE COURT THEREFORE ORDERS that the government's request for protective order (the deferred portion of Doc. 4) is GRANTED.

THE COURT FURTHER ORDERS that the government shall produce to Defendants discovery as outlined in the government's written statement, which was submitted under Fed. R. Crim. P. 16(d), with one additional restriction for Item 1.

THE COURT FURTHER ORDERS that the government shall redact and defer materials identified as Item 1 in the manner described in the government's written request with one additional restriction – namely, an attorney for the government shall provide the Court with a status update concerning these materials every sixty (60) days such that the Court can determine whether their deferral remains necessary.

THE COURT FURTHER ORDERS that the government shall redact the items identified as Item 2 in the manner described in the government's written request.

THE COURT FURTHER ORDERS that the government shall produce the items identified in Items 3 and 4 in the manner described in the government's written request.

THE COURT FURTHER ORDERS that defense counsel shall not copy, disseminate, share with, or otherwise reveal the content of Items 3 and 4 with any person other than their client except in connection with court proceedings or unless otherwise permitted by court order.

THE COURT FURTHER ORDERS that defense counsel may provide access to Items 3 and 4 to members of his or her law firm or internal legal staff or to experts or investigators retained

or employed by Defendants. Any person having such access to protected discovery materials shall be subject to the limitations and restrictions imposed in this Protective Order.

THE COURT FURTHER ORDERS that any work product, documents, exhibits, or other materials created by defense counsel, staff for defense counsel, or experts or investigators employed by defense counsel, that contains facts or information derived from Items 3 and 4 be handled in the same manner as the materials themselves.

THE COURT FURTHER ORDERS that Defendants are permitted to review any materials subject to this Protective Order only during court proceedings or while otherwise in the presence of their counsel. Defendants shall not be allowed to retain such materials, copies or summaries of such materials, or have access to such materials without his or her attorney present. Defendants shall not disclose orally or otherwise the contents of the such materials to any person except defense counsel, staff for defense counsel, or experts or investigators employed by his or her defense counsel.

THE COURT FURTHER ORDERS that government shall defer discovery of materials identified as Item 5. An attorney for the government shall provide the Court with a status update concerning these materials every sixty (60) days such that the Court can determine whether their deferral remains necessary.

THE COURT FURTHER ORDERS that any pleadings challenging this Protective Order, or that recites facts contained in or derived from the protected materials, be filed under seal.

THE COURT FURTHER ORDERS that the Protective Order remain in effect unless and until otherwise ordered by the Court.

IT IS SO ORDERED.

Dated: October 3, 2019            /s/  Holly L. Teeter
　　　　　　　　　　　　　　　　　　HOLLY L. TEETER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE